UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

    Plaintiff,

v.                                          Case No: 2:18-cv-124-FtM-99CM

IMMOKALEE WATER & SEWAGE
DISTRICT,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Pending before the Court is Defendant Immokalee Water & Sewage District's Motion to Dismiss Plaintiff John Short's Amended Complaint. (Doc. 15). Short has not responded, and the time to do so has expired. For the following reasons, the Court grants Immokalee Water's motion.

## **BACKGROUND**

This is an employment retaliation suit. Short sues Immokalee Water for retaliation under Title VII of the Civil Rights Act of 1964. Short and Immokalee Water have had a troubled relationship since Short started working there in 1989. Immokalee Water first fired him in the early 1990s. Short then sued for race discrimination, which ended with Immokalee Water reinstating him in 2005. A decade later, Short filed a charge of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

discrimination with the Equal Employment Opportunity Commission ("EEOC") against Immokalee Water.  The charge led to a federal lawsuit that the parties settled in 2016.

About nine months after the settlement, Immokalee Water again fired Short "for allegedly failing to collect and send ground-water sample reports to the Department of Environmental Protection (D.E.P.)." (Doc. 12 at ¶ 8).  Short believes that his discharge is "retaliation for him having engaged in protected activity regarding his Title VII litigation in 2016." (Doc. 12 at ¶ 9).  Short sees retaliation because he disagrees with why Immokalee Water fired him.  According to Short, his supervisor told him in 2014 that he no longer needed to send the ground-water sample reports to the DEA.  So, for the next three years, Short neither sent any reports nor was told that he needed to do so.  (Doc. 12 at ¶¶ 21-22, 25).  Short's work performance otherwise met Immokalee Water's expectation.  (Doc. 12 at ¶ 25).

After Immokalee Water fired Short, he filed an EEOC charge for retaliation.  The agency later issued him a notice of right to sue letter.  (Doc. 1-2).  Armed with that letter, Short filed this suit.  The Amended Complaint is the operative pleading.  As stated, he claims Immokalee Water fired him in retaliation for his previous federal litigation, and not for his failure to submit ground-water sample reports.  (Doc. 12 at ¶ 9).  Immokalee Water now moves to dismiss the Amended Complaint.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).  "[W]hile notice pleading may not require

that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," a complaint must still "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citations and footnote omitted).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must have factual matter sufficient to state a claim to relief that is plausible on its face, if accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must assert more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Id.* A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *Id.* The plausibility standard also demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

Federal law makes it unlawful for an employer to retaliate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C.A. § 2000e-3(a). A plaintiff may prove retaliation under the *McDonnell Douglas* burden-shifting framework. The framework's first step requires a plaintiff to present a *prima facie* case of retaliation by showing that (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse employment action; and (3) a casual link between the protected activity and adverse action. *See Dixon v. The Hallmark Cos., Inc.*, 627 F.3d 849, 856 (11th Cir. 2010);

*see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation"). Although the *McDonnell Douglas* framework is an evidentiary standard, not a pleading requirement, a complaint must still include enough factual allegations to suggest unlawful retaliation to avoid dismissal. *See generally Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 515 (2002); *Castillo v. Allegro Resort Mktg.*, 603 F. App'x 913, 917 (11th Cir. 2015).

Even accepting the Amended Complaint's well-pleaded facts as true and drawing all reasonable inferences in Short's favor, he has not pled a plausible retaliation claim. The crux of his claim is that Immokalee Water's reason for firing him is perfunctory. But this alone is not enough. Short must plead a connection between his discharge and prior federal litigation. On this front, Short offers nothing except conclusory assertions, sheer speculation, and formulaic recitations that courts have long disregarded. And the nine-month lapse between Short's previous litigation and discharge without more does not "nudge" the retaliation claim "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *see also Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2008) ("[M]ere temporal proximity, without more, must be 'very close'" (citation omitted)).

At bottom, the Amended Complaint lacks sufficient factual allegations to state a claim of retaliation. The Court thus grants Immokalee Water's motion to dismiss. But it will give Short a final opportunity to amend his pleading.

Accordingly, it is now

**ORDERED:**

(1) Defendant Immokalee Water & Sewage District's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 15) is **GRANTED**.

(2) Plaintiff John Short may file a Second Amended Complaint on or before **July 26, 2018**. **Failure to do so may result in the Court dismissing this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of July 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record