UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

    Plaintiff,

v.                                                  Case No:  2:18-cv-124-FtM-99CM

IMMOKALEE WATER & SEWAGE
DISTRICT,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Immokalee Water & Sewage District's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31), Plaintiff John Short's Response in Opposition (Doc. 36), and Immokalee Water's Reply (Doc. 42).  Short did not file a sur-reply, and the time to do so has expired.

## BACKGROUND

This is an employment retaliation suit.  Short and Immokalee Water have had a troubled relationship since Short started working there in 1989.  Immokalee Water first fired him in the early 1990s.  Short then sued for race discrimination, which ended with Immokalee Water reinstating him in 2005.  A decade later, Short filed a charge of

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

discrimination with the Equal Employment Opportunity Commission ("EEOC") against Immokalee Water. The charge led to a federal lawsuit that the parties settled in 2016.

About nine months after the settlement, Immokalee Water again fired Short "for allegedly failing to collect and send ground-water sample reports to the Department of Environmental Protection (D.E.P.)." (Doc. 29 at ¶ 8). Short believes that his discharge is "retaliation for his having engaged in protected activity regarding his Title VII litigation in 2016." (Doc. 29 at ¶ 9). Short sees retaliation because he disagrees with why Immokalee Water fired him. According to Short, his supervisor told him in 2014 that he no longer needed to send the ground-water sample reports to the DEP. So, for the next three years, Short neither sent any reports nor was told that he needed to do so. (Doc. 29 at ¶¶ 21-22, 25). Short's work performance otherwise met Immokalee Water's expectations. (Doc. 29 at ¶ 25).

After Immokalee Water fired Short, he filed an EEOC charge for retaliation. The agency later issued him a notice of right to sue letter. (Doc. 1-2). Armed with that letter, Short filed this suit. Short's First Amended Complaint was found insufficient to state a plausible claim under Title VII, and the Court gave him leave to amend. (Doc. 23). Short filed a Second Amended Complaint, changing his claim from retaliation to retaliatory harassment and adding 42 U.S.C. § 1981 as a potential legal basis for his claim. (Doc. 29 at 2 n.1). Again, Immokalee Water moves to dismiss under Federal Rules of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "[W]hile notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim," a complaint must still "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citations and footnote omitted).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must have factual matter sufficient to state a claim to relief that is plausible on its face, if accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must assert more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Id.* A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *Id.* The plausibility standard also demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

Courts are ordinarily limited to the four corners of the complaint and documents attached thereto when considering a Rule 12(b)(6) motion to dismiss. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015). Short attached a blank Charge of Discrimination form as an exhibit to his Response, Immokalee Water objected to it, and Short has not argued that any exception to the general rule applies here. The Court therefore excludes from consideration the exhibit attached to Short's Response. (Doc. 36-1).

## DISCUSSION

### A. Title VII

Immokalee Water first argues Short failed to exhaust his administrative remedies because he did not raise the retaliatory harassment claim before the EEOC. (Doc. 31 at 3). Short counters that the Second Amended Complaint did not modify his legal theory; rather, his retaliation charge to the EEOC encompassed retaliatory harassment. (Doc. 36 at 4). Short's argument contradicts his previous position that "the legal theory in this Second Amended Complaint has changed from 'Retaliation' to 'Retaliatory Harassment[.]'" (Doc. 29 at 2 n.1).

Before a plaintiff can raise a Title VII claim in federal court, he must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. *Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 771 (11th Cir. 2017). "The purpose of this exhaustion requirement is that the EEOC should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Id.* (quoting *Gregory v. Georgia Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). Allegations made to a federal court "are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint," but "allegations of new acts of discrimination are inappropriate." *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018) (quoting *Gregory*, 355 F.3d at 1279-80).

In his EEOC Charge of Discrimination, Short alleges Immokalee Water terminated his employment in retaliation for his earlier Title VII lawsuit, notwithstanding Immokalee Water's explanation that the termination was for his failure to send ground-water reports

as required.  (Doc. 29-1).  Short did not include any reference to retaliatory harassment in his Charge.  Instead, the Charge focused entirely on two incidents: Short's 2017 termination and a 2014 meeting in which Short's supervisors told him he no longer needed to submit ground-water reports.  (Doc. 29-1).  Short's First Amended Complaint closely mirrored the Charge, but it did not sufficiently plead a connection between his discharge and the prior litigation.  (Doc. 12; Doc. 23).  In his Second Amended Complaint, Short replaces his retaliation claim with one for "retaliatory workplace harassment" and alleges a slew of discrete events and non-discrete practices that created a hostile work environment.  (Doc. 29 at 8-12).

Short did not exhaust the administrative remedies for his claim of retaliatory workplace harassment.  The problem is not that he is relying on a different legal theory.  *See Batson*, 897 F.3d at 1327-28 (finding the exhaustion requirement for a retaliation claim satisfied by an EEOC charge for failure to provide a reasonable accommodation because the plaintiff included the facts underlying the retaliation claim in her charge).  Rather, Short's problem is that his retaliatory harassment claim is based on facts unrelated to the allegations in his EEOC charge.  *See Rodriguez v. Sec'y of Dept. of Veterans Affairs*, 605 F. App'x 957, 958 (11th Cir. 2015) (finding the exhaustion requirement for a hostile work environment claim unsatisfied because the EEOC charge, though also alleging a hostile work environment, was based on different events).  That the EEOC Charge and the Second Amended Complaint are both broadly based on theories of retaliation is not enough to satisfy the exhaustion requirement.  Short's failure to put the EEOC on notice of the facts underlying his retaliatory harassment claim bars him from asserting it in a Title VII action.

Immokalee Water also argues that Short's claim should be dismissed as untimely under Title VII. (Doc. 31 at ¶ 27). For claims arising in "deferral" states, such as Florida, a Title VII claim must be filed with the EEOC or a designated state agency within 300 days of the unlawful employment practice. *Mason v. K Mart Corp.*, 1 F. Supp. 2d 1333, 1336 (M.D. Fla. 1998). Recovery for discrete discriminatory or retaliatory acts are absolutely barred if not timely filed, even if "the time-barred acts are closely related to acts alleged in a timely-filed charge." *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1178-79 (11th Cir. 2005) (citing *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). But in claims for harassment, employers may be liable for acts outside of the 300-day period "if (1) at least one act contributing to the claim happens within the limitations period, and (2) the acts outside of the limitations period are part of the same hostile work environment claim." *Villarreal v. R.J. Reynolds Tobacco Co.*, 702 F. App'x 797, 798 (11th Cir. 2017) (citing *Morgan*, 536 U.S. at 117)).

The new events alleged in the Second Amended Complaint occurred between July 2016 and April 2017.[2] The 300-day limitations period has passed, and Short did not make the harassment allegations to the EEOC. The facts pled in Paragraph 27 of the Second Amended Complaint are therefore time-barred under Title VII.

Immokalee Water finally argues the Second Amended Complaint fails to establish a *prima facie* case under Title VII. (Doc. 31 at 8-13). Aside from the unexhausted and time-barred allegations raised in Paragraph 27, the Title VII claim in the Second Amended

---

[2] The Second Amended Complaint alleges an incident during a performance evaluation that occurred in October 2017. Because Short was terminated in April 2017, the Court assumes the true date was October 2016. But even if a discriminatory act occurred in October 2017, the 300-day deadline has passed, so the Court's analysis would not be affected.

Complaint is not materially different than the claim in the First Amended Complaint, which the Court held to be insufficiently pled. (Doc. 23). Short's Title VII claim should thus be dismissed.

### B. 42 U.S.C. § 1981

It appears that Short's claim for retaliatory workplace harassment might also be brought under § 1981, but the Motion, Response, and Reply currently before the Court focus solely on Title VII. The Court will hold the § 1981 claim in abeyance until it is addressed by the parties.

Accordingly, it is now

**ORDERED:**

Defendant Immokalee Water & Sewer District's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 31) is **GRANTED in part**.

1. Plaintiff John Short's claim of retaliatory harassment under Title VII is **DISMISSED with prejudice**.
2. Immokalee Water shall file a response to the § 1981 claim on or before **October 9, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of September, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record