UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

        Plaintiff,

v.                                  Case No:  2:18-cv-124-FtM-99CM

IMMOKALEE WATER & SEWAGE
DISTRICT,

        Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff John Short's Response to Order Granting Defendant's

Second Motion to Dismiss (Doc. 44).  The Court interprets the Response as a motion for

leave to file an interlocutory appeal.

Interlocutory review is generally considered "bad policy" because of its piecemeal

effect on cases.  *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

However, a district court may permit an interlocutory appeal under 28 U.S.C. § 1292(b)

"when the order at issue (1) involves a controlling question of law upon which there is (2)

a substantial ground for difference of opinion, and (3) when immediate appeal from the

order may materially advance the ultimate termination of the litigation."  *In re Yormak*, No.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

2:17-CV-73-FTM-38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017), *appeal dismissed*, No. 17-13239-FF, 2017 WL 4857438 (11th Cir. Sept. 13, 2017). "The movant seeking interlocutory appeal bears the burden of showing that all § 1292(b) requirements are satisfied and that the case is one of the rare exceptions in which the court should exercise judicial discretion to grant the remedy." *In re Cmty. Health Sys., Inc.*, No. 15-CV-222-KOB, 2017 WL 604334, at *2 (N.D. Ala. Feb 15, 2017). "[I]f any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, 2017 WL 2645601, at *2.

Short's Response does not address § 1292(b)'s requirements. Instead, Short argues that the Court improperly converted Immokalee Water's Second Motion to Dismiss into one for summary judgment.[2] Short's argument is without merit. Dismissal of a Title VII claim is appropriate when a complaint demonstrates that the plaintiff failed to exhaust his administrative remedies. *See Litman v. Sec., of the Navy*, 703 F. App'x 766, 772 (11th Cir. 2017); *Duberry v. Postmaster General*, 652 F. App'x 770, 772 (11th Cir. 2016); *Dalton v. CDC*, 602 F. App'x 749, 753 (11th Cir. 2015); *McWhorter v. Nucor Steel Birmingham Inc.*, 304 F. Supp. 3d 1185, 1192-93 (N.D. Ala. 2018); *Sessom v. Wellstar Hosp.*, No. 1:08-CV-2057-TWT, 2009 WL 1562876, at *2-3 (N.D. Ga. May 29, 2009); *Banks v. Ackerman Sec. Sys., Inc.*, No. 1:09-CV-0229-CC, 2009 WL 974242, at *2 (N.D. Ga. 2009); *Butler v. Matsushita Commc'n Indus. Corp. of U.S.*, 203 F.R.D. 575, 581 (N.D. Ga. 2001).

---

[2] An odd argument considering it was Short who asked the Court to consider a document outside the pleadings, which he attached as Exhibit A to his Response to Defendant's Second Motion to Dismiss. (Doc. 36). The Court excluded the document and decided the Second Motion to Dismiss based on the four corners of the Second Amended Complaint and the exhibits attached thereto. (Doc. 43).

Short also argues that the Court, in its Order, should have *sua sponte* allowed him to amend his complaint for a third time to better plead a claim under 42 U.S.C. § 1981. This argument, too, is entirely without merit. Though Short's Second Amended Complaint unartfully asserts multiple statutory grounds for a single count, the Court has liberally construed the pleading in Short's favor, notwithstanding Short's failure to raise the point in his Response to Immokalee Water's Motion to Dismiss. Immokalee Water has not challenged Short's § 1981 claim, and the Court reserves judgment of its sufficiency until the issue becomes ripe. For his part, Short has not moved for leave to amend. If Short does not believe he has adequately pled a claim under § 1981, he has options, but an interlocutory appeal is not one of them.

Finally, Short argues the "Order imposes upon individual plaintiffs a much great [sic] financial and evidentiary burden[.]" (Doc. 44). Short's Title VII claim has been dismissed, but his § 1981 claim, based on the same facts, is still alive. It is absurd to suggest that simultaneously pursuing a Title VII claim before the 11th Circuit and a § 1981 claim in this Court would lessen Short's financial burden. And the Order imposes no new evidentiary burden on Short. Rather, it recognizes the well-established burden on all Title VII plaintiffs to exhaust their administrative remedies.

Accordingly, it is now

**ORDERED:**

Plaintiff John Short's request for leave to file an interlocutory appeal (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of October, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record