UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

    Plaintiff,

v.                                                          Case No: 2:18-cv-124-FtM-38CM

IMMOKALEE WATER & SEWAGE
DISTRICT,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Immokalee Water & Sewage District's Motion to Dismiss Plaintiff's Claims under 42 U.S.C. §§ 1981 and 1983 With Prejudice (Doc. 45), and Plaintiff John Short's response (Doc. 47). For the following reasons, the Court grants the motion.

This workplace dispute is back for round three. The Court dismissed the amended complaint because Short did not plead a plausible retaliation claim under Title VII of the Civil Rights Act of 1964. (Doc. 23). The Second Amended Complaint abandoned the retaliation claim for a "retaliatory workplace harassment claim" under Title VII and 42 U.S.C. §§ 1981 and 1983. The Court dismissed the Title VII retaliatory harassment claim because Short did not exhaust his administrative remedies and the claim was time barred. (Doc. 43). However, because the Second Amended Complaint made a passing reference

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to §§ 1981 and 1983 and Immokalee Water's motion to dismiss did not address those statutes, the Court held – in an abundance of caution – the retaliatory harassment claim in abeyance until the parties address it under §§ 1981 and 1983. (Doc. 43).

Immokalee Water now moves to dismiss the claim under § 1981 because the statute does not provide a cause of action against state actors. It also seeks to dismiss the claim under § 1983 because the Second Amended Complaint does not allege that a policy maker's repeated actions violated the Constitution or that an official custom, policy, or practice drove the alleged harassment. (Doc. 45). In Short's response, he acknowledges that a § 1981 claim must be asserted under § 1983. (Doc. 47 at 2); *see* *Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000) (stating § 1983 contains the sole cause of action against state actors for violations of § 1981"). Short says, however, that this Court has "improperly raised the pleading and proof standards so high that no reasonably objective plaintiff's counsel can properly draft and file a pleading under Title VII or Section 1981 without the ability to engage in some discovery in order to add additional facts in support of the claims being asserted." (Doc. 47 at 2). From there, Short concedes that he "is unable to file or assert a claim under 42 U.S.C. § 1981." (Doc. 47 at 2).

Although the Court has not heightened the pleading standard under well-established law, it finds that Short no longer wishes to purse any § 1981 retaliation claim under § 1983. Even setting aside Short's abandonment, the § 1983 claim still fails. To state a § 1983 claim against Immokalee Water, Short must allege that his injury resulted from an official "policy or custom." *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690 (1978); *Kelly v. Broward Sheriff's Office,* 560 F. App'x 818, 821 (11th Cir.

2014). Short does not adequately alleged an official policy or custom that subjected him to retaliatory harassment based on his race, causing him constitutional deprivation. He thus has not alleged an element essential to a retaliatory harassment claim. The Court, therefore, grants Immokalee Water's motion to dismiss.

Accordingly, it is now

**ORDERED:**

(1) Defendant Immokalee Water & Sewage District's Motion to Dismiss Plaintiff's Claims under 42 U.S.C. §§ 1981 and 1983 With Prejudice (Doc. 45) is **GRANTED**.

(2) The Clerk of Court is **DIRECTED** to enter judgment accordingly, terminate all motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record