UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

      Plaintiff,

v.                                    Case No: 2:18-cv-124-FtM-38CM

IMMOKALEE WATER & SEWAGE
DISTRICT,

      Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff John Short's Motion for Reconsideration and Leave to File Third Amended Complaint (Doc. 54), proposed Third Amended Complaint (Doc. 54-1), and Notice of Supplemental Authority (Doc. 58). Defendant Immokalee Water & Sewage District opposes the motion. (Doc. 59). This matter is ripe for review.

## BACKGROUND

This suit involves Short and Immokalee's troubled working relationship. Immokalee fired Short in the 1990s but reinstated him in 2005 after he sued for race discrimination. Short sued Immokalee again for employment discrimination a decade later. That federal suit settled in 2016.

Nine months after the settlement, Immokalee fired Short again. The firing led to this suit for unlawful retaliation under Title VII of the Civil Rights Act of 1964. (Doc. 1;

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Doc. 12).  The Court granted Immokalee's motion to dismiss—which Short never responded to—because he pled no connection between his firing and prior federal case. (Doc. 23 at 4).  And it granted Short leave to amend, which he did.

In the Second Amended Complaint, Short alleged retaliatory workplace harassment—not retaliation.  (Doc. 29 at 2 n.1).  For this new claim, he alleged several discrete and non-discrete acts that created a hostile work environment.  (Doc. 29 at 8-12).  Immokalee moved to dismiss the retaliatory harassment claim because (1) Short did not include it in his charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"); and (2) it is time-barred.  (Doc. 31).  The Court agreed and found the Second Amended Complaint alleged a new act of discrimination:

> [t]he problem is not that [Short] is relying on a different legal theory. . . . Rather, Short's problem is that his retaliatory harassment claim is based on facts unrelated to the allegations in his EEOC charge. . . . That the EEOC Charge and the Second Amended Complaint are both broadly based on theories of retaliation is not enough to satisfy the exhaustion requirement.  Short's failure to put the EEOC on notice of the facts underlying his retaliatory harassment claim bars him from asserting it in a Title VII action.

(Doc. 43 at 6 (internal citations omitted)).  The Court thus dismissed the claim with prejudice.  (Doc. 43).  However, because Short referenced to 42 U.S.C. §§ 1981 and 1983 and Immokalee's motion to dismiss did not address any claim under those laws, the Court asked for additional briefing in an abundance of caution.  (Doc. 43 at 7).  Immokalee then moved to dismiss any claim under the statutes, to which Short conceded he was not pursuing any claim under either one.  (Doc. 46; Doc. 47).  The Court thus granted Immokalee's motion and closed the case.  (Doc. 49).

Short now moves the Court to reconsider its Order dismissing his retaliatory harassment claim under Title VII. (Doc. 43). He brings the motion under Federal Rules of Civil Procedure 60(b)(1), (2), and (6).

As best the Court can tell, Short argues the Court has misinterpreted Title VII case law on retaliation and retaliatory harassment claims and thus has erroneously concluded his case is time-barred and non-exhausted. His attorney also says,

> [t]here have been, since the inception of this case, **miscommunications** between the presiding federal district judge(s); opposing defense counsel, and the undersigned plaintiff's counsel. These communications are due in part to the fact that the respective previously-mentioned persons, lack professional familiarity with each other and a familiarity that comes only with frequent, daily, and routine law practice within a local jurisdiction. As a consequence, the undersigned plaintiff's counsel found it difficult to understand the *fundamental concerns* that were stated in the respective Orders of Dismissal (doc.'s #43, 49), together with the *fundamental concerns* and arguments contained within the Defendant's Motions to Dismiss (doc.'s #31, 45). This difficulty inhibited the undersigned from submitting the correct operative law, that would have resolved these *fundamental concerns regarding the Second Amended Complaint*, thus preventing the docketing of invalid Orders of Dismissal.

(Doc. 54 at 2 (emphasis in original)). And Short relies on *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970) and *Booth v. City of Roswell*, No. 18-11464 (11th Cir. Oct. 31, 2018) (per curiam) to support reconsideration.

Immokalee opposes reconsideration. It argues that Short restates arguments the Court has already rejected and interjects new arguments and case law he should have raised earlier. Immokalee also asserts it would be futile and unduly prejudicial to allow Short's proposed Third Amended Complaint (Doc. 54-1) because the allegations have not substantively changed from the previous pleadings.

## STANDARD OF REVIEW

A district court has considerable discretion in deciding whether to grant a motion for reconsideration. See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). In exercising its discretion, the court balances two competing interests: the need for finality and the need to render just rulings based on all the facts. Finality typically prevails because reconsidering an order is an extraordinarily remedy that courts use sparingly. See *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Lamar Adver. of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 489 (M.D. Fla. 1999). Along this line, "a motion for consideration is not a vehicle for rehashing arguments the [c]ourt has already rejected or for attempting to refute the basis for the [c]ourt's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012).

"A motion to reconsider should raise new issues, not merely redress issues previously litigated." *PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995); *see also Ludwig v. Liberty Mut. Fire Ins. Co.*, No. 8:03-cv-2378, 2005 WL 1053691, at *11 (M.D. Fla. Mar. 30, 2005) (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the [c]ourt's reasoning"). Such motions "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its[elf]." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Because courts disfavor motions for reconsideration, they recognize three grounds to reconsider prior orders: (1) an intervening change in controlling law; (2) the availability

of new evidence; and (3) the need to correct a clear error or manifest injustice. *See McCreary v. Brevard Cnty, Fla.,* No. 6:09-cv-1394, 2010 WL 2836709, at *1 (M.D. Fla. July 19, 2010). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.,* 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter v. Premier Rest. Mgmt.*, No. 2:06-cv-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006).

## DISCUSSION

After considering the parties' arguments, record, and relevant law, the Court finds no intervening change in the law, newly discovered evidence, or need to correct a clear error of law or prevent manifest injustice to warrant relief under Rule 60(b). *See id.* ("Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.").

The crux of Short's motion is that because retaliation and retaliatory harassment claims are nearly identical under Title VII, the claim is exhausted and timely. He asserts the only difference between the two claims is how a plaintiff shows the causation element. For retaliatory harassment, Short claims all he needs to plead is a "totality of the circumstances." And because he used that term in the EEOC charge of discrimination and the Second Amended Complaint, the Court should have known he was alleging the same claim in the first and last pleadings.

Short misses the mark. No matter how he labels his claim, the factual allegations in the Second Amended Complaint changed from those in the EEOC charge of discrimination. Because of the change, his claim was not exhausted and time-barred.

5

And the Court explained so much in its Order. (Doc. 43 at 5-6). Also, Short's reliance on *Sanchez v. Standards Brands* for the proposition that a judicial complaint is limited to the EEOC charge as can reasonably expected to grow out of the claims does not help him. Short's use of the term "totality of the circumstances" does not override the plain language of his factual allegations to save his case. Other than his say so, Short presents no compelling argument for the Court to reconsider its prior Order.

Short's reliance on *Booth v. City of Roswell* fares no better because it supports the Court's decision. In *Booth*, the plaintiff sued for disability discrimination, failure to accommodate, and hostile work environment. The Eleventh Circuit affirmed the district court dismissing the failure to accommodate and hostile work environment claims as non-exhausted. It said the plaintiff's EEOC charge "only said the he was terminated and that he believed he had been discriminated against because of his disability; it did not relay what his disability was, nor mention an accommodation request, a failure to accommodate, harassment or hostile work environment." *Booth*, No. 18-11464, at *6. From there, the Eleventh Circuit found "the complaint's failure-to-accommodate and hostile-work-environment claims describe new acts of discrimination, and as a result, the district court did not plainly err in dismissing them for lack of exhaustion." *Id.* Clearly, *Booth* is not an intervening change in law to warrant consideration.

Short's motion also dedicates several pages to criticizing the Court for wanting additional briefing on any claim he sought under §§ 1981 and 1983. He reiterates that he never wanted to bring a claim under either statute, and he contends that § 1983 is only a remedial statute. Short's argument does nothing to advance his quest for reconsideration on dismissing the Title VII retaliatory harassment claim as time-barred and non-

6

exhausted.  His focus on § 1983 is also misplaced because the Court asked for the extra briefing only after liberally construing the Second Amended Complaint and not wanting to dismiss any claim prematurely in deference to him.

Finally, Short asks this Court to reopen his case so he can file the proposed Third Amended Complaint.  But doing so will be futile and unduly prejudicial to Immokalee and judicial resources.  Short, who had an attorney represent him throughout this litigation, had several opportunities to plead his case against Immokalee and failed to do so.  The Court has been lenient in entertaining Short's arguments to avoid dismissal, but finality must prevail.

Accordingly, it is now

**ORDERED:**

Plaintiff John Short's Motion for Reconsideration and Leave to File Third Amended Complaint ([Doc. 54](Doc. 54)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of December 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record