UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SHORT,

    Plaintiff,

v.     Case No: 2:18-cv-124-FtM-38CM

IMMOKALEE WATER &
SEWAGE DISTRICT,

    Defendant.

## ORDER

This matter comes before the Court upon review of the Notice of Plaintiff's Intent to File Response to Defendant's Motion for Attorney's Fees and Notice of Appeal filed on January 2, 2019. Doc. 61. Plaintiff unilaterally indicated he would file a delayed response to Defendant's motion for attorney's fees and non-taxable costs on or before January 11, 2019. *Id.* Defendant objected to the Notice, and Plaintiff filed a response to Defendant's objection. Docs. 62, 63. For the reasons stated herein, the Notice will be construed as a motion for extension of time, which will be granted.

Under Rule 6 of the Federal Rules of Civil Procedure, *the court* may extend any deadline for "good cause" if the request is made before the original time or the extension expires. Fed. R. Civ. P. 6(b)(1)(A). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, 2010 WL 743834, at *2 (M.D. Fla. Feb. 26, 2010). In other words, the moving party must demonstrate

it could not meet the deadline despite its diligent efforts. *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 807-CV-1024-T-17EAJ, 2009 WL 413531, at *2 (M.D. Fla. Feb. 18, 2009) (*citing Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998)). Further, Middle District of Florida Local Rule 3.01(g) requires that each motion filed in a civil case, with certain enumerated exceptions not at issue here, "stat[e] whether counsel agree on the resolution of the motion." M.D. Fla. R. 3.01(g). District courts have broad discretion when managing their cases, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001).

Here, Defendant filed its motion for attorney's fees on November 7, 2018, making Plaintiff's response in opposition due November 21, 2018. *See* M.D. Fla. R. 3.01(b). Plaintiff claims he delayed responding due to the holiday season and because "he was awaiting an Order [on] the Plaintiff's Motion for Reconsideration, which could have mooted the question as to attorney's fees and costs." *See* Doc. 61 at 1. But Plaintiff did not request any extension of time to respond to Defendant's motion for attorney's fees. *See generally* Docket. Further, because Plaintiff did not properly file a motion to request an extension, he failed to comply with the Local Rules governing motions, including Local Rule 3.01(g). *See* M.D. Fla. R. 3.01. In the interests of resolving the motion for attorney's fees on the merits, however, the Court will deem Plaintiff's response as timely filed. Any future requested relief, however, must be sought through a proper motion with the Court in accordance with the Federal Rules of Civil Procedure and the Middle District of Florida Local Rules.

ACCORDINGLY, it is

**ORDERED:**

The Notice of Plaintiff's Intent to File Response to Defendant's Motion for Attorney's Fees and Notice of Appeal, construed as a motion for extension of time (Doc. 61), is **GRANTED**. Plaintiff's Response to Defendant's Motion for Attorney's Fees and Non-Taxable Costs (Doc. 64) is deemed as timely filed.

**DONE** and **ORDERED** in Fort Myers, Florida on this 15th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record